## FONTANA v. THE STATE.

Where one intentionally shot at another and killed the person he shot at, he was guilty either of murder or of some lower grade of homicide, or not guilty, according as the evidence may have shown circumstances of excuse, justification, or mitigation; and although the crime charged involved that of shooting at another, he could not be guilty of the technical offense of shooting at another, as defined in section 115 of the Penal Code; and the judge did not err in refusing to give that section in charge to the jury.

No. 2817. DECEMBER 15, 1921..

Indictment for murder. Before Judge Humphries. Richmond superior court. August 6, 1921.

*Sam. L. Olive* and *W. Inman Curry*, for plaintiff in error.

*George M. Napier, attorney-general, A. L. Franklin, solicitor-general, Seward M. Smith, asst. atty.-gen.,* and *John M. Graham,* contra.

BECK, P. J. J. A. Fontana was tried under an indictment charging him with murder, it being charged that he did kill and murder a named decedent by shooting her with a pistol. He was convicted of the offense of murder; and the jury having recommended him to the mercy of the court, he was sentenced accordingly. The defendant made a motion for a new trial, which was overruled. The original motion contained only the general grounds. The amendment to the motion assigns error upon the refusal by the court of a request to give in charge to the jury the following: " Criminal Code, section 115. Shooting at another. Any person who shall be guilty of the offense of shooting at another except in his own defense or under circumstances of justification, according to the principles of this Code, with a gun, pistol, or other instrument of like kind, shall be punished by confinement in the penitentiary not less than one nor more than four years."

The court did not err in refusing the request to charge. The defendant was indicted and tried for the offense of murder. If he intentionally shot at the decedent and killed her, then he was guilty either of murder or of some lower grade of homicide, or not guilty of any crime because of some ground of justification or excuse. The offense of shooting at another, where the shooting at the other resulted in the death of the person at whom it was aimed, is not contemplated in the code section referred to

above. The shooting at another which falls within the purview of that statute is a shooting which does not result in death.

*Judgment affirmed. All the Justices concur.*